IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RHONDAE QUIN'LEY                                                                 PLAINTIFF

V.                                                           CIVIL ACTION NO.2:05CV190-WAP-JAD

CORRECTIONS CORPORATION OF AMERICA
AND WARDEN ROBERT PARKER                                                   DEFENDANTS

REPORT AND RECOMMENDATIONu

The defendants have filed a motion for summary judgment (Doc. 19) and the plaintiff has responded. Quin'ley, who is also known as Wayne Appleton, filed his complaint alleging interference with and failure to accommodate his religious needs because Asatru services were not scheduled. While there are conflicts between what the parties claim as the facts regarding the plaintiff's attempts to get these services scheduled and problems with cancellations in the past, these conflicts are no longer material to the resolution of this action.

In the case of *Valois v. Corrections Corporation of America*, Civil Action No. 2:06cv22-WAP-EMB, the defendants submitted the affidavit of Chaplain Watson showing that the defendants have, since the filing of this action, scheduled an Asatru service. In providing these services, the defendants have rendered the plaintiff requests for injunctive relief moot.

The motion for summary judgment also sought dismissal of the claim for compensatory damages pursuant to the Prison Litigation Reform Act.. Under 42 U.S.C.A. § 1997e(e) "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." See *Geiger v. Jowers*, 404 F.3d 371(5th Cir. 2005)(The requirement of a physical injury as a prerequisite to a claim for compensatory damages is not dependent upon the nature of the underlying

constitutional claim; affirming the dismissal of a claim for First Amendment violations)**;** *Brown v. Hembest*, 2005 WL 1174661(N.D. Miss. 2005)(Pro se complaint alleging failure to prevent inmate on inmate violence dismissed partly due to failure to allege any physical injury); *Brown v. Sudduth*, 2005 WL 2406090(N.D. Miss. 2005) ("As ... Brown seeks only money damages, and as he has not alleged physical injury, his claims for compensatory damages must fail." *Id.* at 4.); *Jones v. Greninger,* 188 F. 3d 322(5th Cir. 1999)(Eighth Amendment claim for damages for failure to protect properly dismissed for failure to allege physical injury). Here Quin'ley's complaint does not allege any physical injury, nor does his response to the motion for summary judgment. In a subsequent motion Quin'ley alleges he suffers from migraines, insomnia, cramps and nervous problems. Any connection between the defendants' actions and these claimed injuries is not obvious and can only be established by expert testimony. Quin'ley has proffered no expert and can therefore not prove any physical injury to support a claim for compensatory damages. The claim for compensatory damages should be denied.

The undersigned recommends that the plaintiff's complaint be dismissed in its entirety with prejudice pursuant to 42 U.S.C. § 1997e(e).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 22nd day of September, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE